GREENE COUNTY *v.* LIGHT.

Opinion delivered December 12, 1903.

COUNTY CLERK—FEE FOR SETTLEMENT OF ACCOUNT.—The drawing of a warrant by a county clerk on the order of the county court, and the delivering of it to the owner and taking of his receipt therefor, as required by law, do not constitute the making of a settlement of an account with the county, within Sand. & H. Dig., § 3309, subd. 24, allowing the clerk a fee of 10 cents "for making settlements of each account with the county."

Appeal from Greene Circuit Court.

FELIX G. TAYLOR, Judge.

Reversed.

*W. S. Luna* and *R. E. L. Johnson,* for appellant.

An officer is entitled only to such fees as the law expressly prescribes. 25 Ark. 234; 32 Ark. 32; 31 Ark. 266; 44 Ark. 31; 47 Ark. 442; 55 Ark. 387; 56 Ark. 249; 57 Ark. 489; 38 S. W. 518.

The provisions of Sand. & H. Dig., § 3550, do not apply to cases where a fee is sought to be charged against a county. 32 Ark. 45. See also 38 S. W. 518, construing § 3309, Sand. & H. Dig. Further, upon the proposition that the fee could not be collected from the county, see 41 S. W. 420; 70 S. W. 314.

*J. D. Block, D. E. Bradshaw* and *T. E. Helm,* for appellee.

Appellee was authorized to charge a fee for each settlement. Sand. & H. Dig., § 3309, subd. 24. He was required by statute to perform the service. Sand. & H. Dig., § § 1240, 1241. For these reasons the county should pay the fee. 57 Ark. 487.

BUNN, C. J. This is a claim for clerk's fees against Greene county. The claim was presented to the county court, and by it disallowed. An appeal was taken to the circuit court from the order of disallowance, and the claim was allowed by the circuit court, and the county appealed to this court.

The case was heard in the circuit court on the following agreed statement of facts, to-wit:

"(1.) That plaintiff was circuit and ex-officio county clerk of Greene county for two consecutive terms, and until the 30th of October 189--.

"(2.) That during the four years plaintiff, as such county clerk, delivered to the legal owner or owners thereof six thousand eight hundred and eighty (6,880) warrants drawn by order of the county court, and that he took the receipt or receipts of such owner or owners for each warrant or warrants so delivered, as is provided for in sections 1240 and 1241 of Sandels & Hill's Digest.

"(3.) That plaintiff's claim herein is that the delivery of each one of such warrants and taking the receipt therefor, as is set forth in paragraph number two above, constituted a "settlement of each account with the county," as is provided for in the twenty-fourth item in section 3309, Sandels & Hill's Digest, for which he is entitled in each case to a fee of ten cents, as such item provides, which would make the total amount of his claim for such services against the county six hundred and eighty-eight ($688) dollars."

By agreement, also, copies of entries on the warrant register were introduced in evidence.

On the hearing the circuit court allowed the claim, and the county appealed to this court, as stated above, and now the case comes up for reversal of the judgment of the circuit court.

The twenty-fourth item of section 3309, Sandels & Hill's Digest, regulating and fixing fees of county clerks, is in this language: "For making settlements of each account with the county."

The varied meaning of the word "settlement" has doubtless created some confusion in the minds of many in construing the word as employed in the language of the statute. Among other meanings the word settlement means "an adjustment of accounts," and also the payment of a debt. In our opinion, the meaning of the word, in the connection here used, is "an adjustment of accounts," the meaning of which presupposes some work or labor of the clerk, made a duty by law for him to perform, and this required labor is the basis of the fee allowed to him in the statute. When a claim is presented to the county court, it passes upon it directly, and allows or disallows it. If it is allowed, *ipso facto* the clerk is required to enter the order of allowance; and on request of the claimant he is then required to issue the necessary warrant upon the treasurer, and, in order that controversies may not arise as to the issuance and delivery of the warrant, he is required to take a receipt from the claimant, and at the same time to deliver the warrant to him. This giving of the receipt is, of course, the work of the claimant, and not the clerk's, for he only takes it when tendered to him. For all these duties imposed upon the clerk by law—the entering the order of allowance and the issuance of the warrant—the clerk is allowed fees specifically named, except for the receipt from the claimant, which it is the duty of the claimant, and not the clerk, to give.

In our opinion, there was no settlement in this case by the clerk for which the law allowes him a fee; and this case comes under *Duncan* v. *Scott County,* 70 Ark. 607. The mere taking of the receipt adds nothing to the transaction towards making it a settlement in contemplation of the statute.

The judgment of the circuit court is therefore reversed, and the claim dismissed.