## McCurry *v*. Hawkins.

### Opinion delivered June 10, 1907.

1. Statute of Frauds—Employment of Real Estate Broker.—A contract for the employment of an agent to find a purchaser of land is not within the statute of frauds. (Page 204.)

2. Real Estate Broker—Compensation—Time Limit.—Where, in a contract for the employment of a broker to sell a lease of land, it was stipulated that the sale should be made within a limited time, the broker was not entitled to his commission where he failed to procure a buyer within the time named. (Page 204.)

3. Instructions—Conflict.—The giving of conflicting instructions is misleading and prejudicial. (Page 205.)

Appeal from Garland Circuit Court; *Alexander M. Duffie,* Judge; reversed.

*A. J. Murphy,* for appellant.

*Greaves & Martin,* for appellee.

Riddick, J. This is an action by W. T. Hawkins, a real estate agent, against J. A. McCurry to recover the sum of $145 as his fees for procuring a purchaser for a lease of land which McCurry had authorized him to sell. The jury returned a verdict in favor of Hawkins for the amount of his claim, and McCurry appealed.

The facts are that McCurry was an auctioneer, and had leased a store room in Hot Springs, Arkansas, from Mrs. Baird, the owner, in which he carried on his business. This lease had from the first of November, 1905, fifty months or over four years to run. During October of that year McCurry concluded that he would close out his business at Hot Springs. He authorized Hawkins, a real estate dealer, to sell the lease if he could find any one who would pay a bonus of $500, and the fees charged by Hawkins for selling. It was agreed between them that Hawkins should endeavor to procure a purchaser of the lease for $750, and of this amount Hawkins should retain $250 for his services in selling.

The lease which McCurry held contained a provision that the lease should not be assigned or transferred without the written consent of the lessor, and that if the lessee should assign or transfer without such written consent the lessor should have the right to declare the lease forfeited and to recover possession of the premises. McCurry notified Hawkins of this provision, and told him that he knew from past experience that Mrs. Baird, the lessor, would have to be paid before she would consent to the transfer of the lease. He further stated that he would pay fifty dollars of the amount required to get her consent, but that if more was required Hawkins would have to pay it. He also testified on the trial that at the time he authorized Hawkins to sell he notified him that the sale would have to be consummated before the 1st day of November, 1905, or the deal would be off. As a reason for this, he stated that he would have to take out a new license at that time, and would not sell after that date.

Hawkins testified that McCurry listed the property with him for sale on the 4th of October, 1905, but he denied that any limit was set on the time in which the sale was to be made. Hawkins found a purchaser for the lease who was willing to pay the price asked by McCurry, but Mrs. Baird, the lessor, did not give her consent to the transfer until the 9th of November, 1905. She was induced to sign at that time on the promise of Hawkins that he would pay her $100 out of his fees for making the sale when collected. But McCurry then refused to make the transfer, and Hawkins brought this action to recover his fees.

There was ample evidence to sustain the verdict and judgment in favor of plaintiff. The action was not a contract for the sale of land, but a contract employing an agent to find a purchaser of land, and was not within the statute of frauds. 20 Cyc. 234.

The only fact in the case about which there was much dispute was whether there was any limit within which the sale was to be made. The defendant testified that he expressly notified plaintiff at the time he employed him that the sale must be consummated by the 1st of November, 1905. The plaintiff in his testimony denied this, and stated that he had notice that defendant had declined to go further with the trade until he had procured a purchaser and obtained the consent of the lessor to the transfer of the lease, but when he brought the contract to defendant to sign and asked him to make the transfer he declined to talk about the matter and said the trade was off. This then was a material point in the case whether the authority of the plaintiff to find a purchaser and obtain consent of lessor was limited to the 1st day of November, 1905. If so, he could not recover, for it is not disputed that the lessor did not give her consent until the 9th day of that month.

The court's two instructions to the jury on this point seem to us to be conflicting. Instruction number 5 given at the request of the plaintiff told the jury that if Hawkins obtained a purchaser for the lease upon the terms proposed by McCurry and afterwards procured Mrs. Baird's consent to an assignment of the lease, "as between McCurry and Hawkins, he, McCurry, could not deny liability for commissions because he, McCurry, did not get the consent of Mrs. Baird on or before November 1, 1905."

The court further instructed the jury orally on this point as follows: "If there was a time limit within which the lease was to be sold, and the defendant made reasonable efforts to procure the consent of the lessor to an assignment of the lease within the time limit and failed, he would not be liable."

The oral instruction just quoted seems clearly right, for if there was a time limit all that was required of the defendant was that he should in good faith endeavor to procure the consent of his lessor to the transfer and hold himself in readiness to make the transfer, provided this consent was given within the time

limit and the purchaser paid the price. But, if the oral instruction was right, then the written instruction was wrong, for it announces the law exactly to the contrary of that stated in the oral instruction. The written instruction was prepared by counsel for the plaintiff, and its meaning is so antagonistic to the idea expressed by the trial judge in his oral charge that we are led to believe that in the hurry of the trial the purport of the written instruction must have been overlooked by the judge.

To give contradictory instructions of that kind has been often held to be prejudicial. *Hartgrove* v. *Southern Oil Co.,* 72 Ark. 41; *Rector* v. *Robins,* 74 Ark. 437; *St. Louis, I. M. & S. Railway Co.* v. *Beecher,* 65 Ark. 641.

For the error indicated the judgment is reversed, and a new trial granted.

HILL, C. J., not participating.