GRUMBLES *v.* GRUMBLES.

5-3201
381 S. W. 2d 750

Opinion delivered September 14, 1964.

[Rehearing denied October 5, 1964.]

*Arnold & Hamilton,* for appellant.

*Carneal Warfield,* for appellee.

SAM ROBINSON, Associate Justice. This appeal grows out of a divorce suit. Plaintiff, Lois Thomas Grumbles, who is the appellant here, was granted a divorce from appellee. There has been no appeal from that part of the decree granting the divorce and granting custody of the two children to plaintiff-appellant, but appellant appeals from that part of the decree awarding alimony and child support contending that not enough was allowed, and also from that part of the decree pertaining to the division of real and personal property.

Appellant and appellee were married in July, 1944 and separated in December, 1961. Two children were born of the marriage; Thomas Harold was born in 1951, and Judith Lynne was born in 1953. The petition for divorce was not contested and the decree of divorce was entered on July 30, 1962. The court reserved for further consideration questions regarding division of the property and alimony and child support. Later, considerable evidence was introduced touching on these questions. After considering all the evidence, the court made findings of law and facts and announced that a decree would be entered in accordance therewith. At this point the parties stated that they would like to confer in an effort to reach an agreement on a division of the property. The court agreed and the parties retired. Later they came back into open court and the appellant personally informed the court that an agreement had been reached and, from a written memorandum, stated the terms thereof. The court approved the agreement, made notes of the details, and instructed counsel for appellee to draw a precedent for a decree embodying the terms of the agreement. This was done, but when the precedent was presented to the court appellant objected to it being entered as a decree, not because it did not embrace the agreement as made, but because appellant had apparently changed her mind.

The agreement appears to be fair to both sides, but appellant argues that she is not bound by it and states the proposition in this manner: "When is an agreement not an agreement, may be the most apt way to pose the pivotal question." Appellant cites no authority to the effect that she is not bound by the agreement, as to the provisions of the decree. But we may assume that in some circumstances a party would not be so bound. Here, however, when the court questioned counsel as to the objections to the precedent, counsel stated that it should be made clear that Mrs. Thomas, mother of appellant, and from whom the parties had borrowed money, is not a party to this litigation; this was not a valid objection. The record itself shows Mrs. Thomas is not a party.

There was, however, one mistake in the precedent. It showed 10 shares of KSVA stock which was going to Mrs. Thomas, when it should have been 12 shares. The mistake was corrected.

Some insurance policies in which the children were named as beneficiaries were also mentioned, but under the decree, as entered, the appellee is to continue to pay the premium on the policies; hence, there can be no valid objection on that point. In the circumstances the court had the discretion to overrule appellant's objection to entering the decree to which appellant had previously consented, *Garretson* v. *Altomari*, 181 N.W. 400, and from the record we cannot say that the court abused its discretion.

Appellee is a dentist and earns approximately $1,000.00 per month after taxes. Appellant was allowed $354.00 per month alimony and child support, and under all the facts and circumstances we cannot say that the court abused its discretion in that respect.

The decree is affirmed.

At the outset, the chancellor allowed a preliminary fee of $150.00 for appellant's attorney. Apparently the matter of an additional fee at the close of the case was not taken up with the trial court. Appellant now asks that this court allow an additional fee of $2,500.00, plus the total cost of the appeal, amounting to about $900.00.

We would much prefer that the trial courts fix the attorney's fee in cases of this kind for the work done by attorneys in the trial court. We would then have no difficulty in fixing the fee for the amount of work done on appeal. In this case, however, since the fee for the trial work has not been fixed, and it being desirable to bring the litigation to an end as soon as practical, we are allowing a total fee of $1,500.00 to be added to the $150.00 heretofore allowed. Each party is to stand one-half of the cost of appeal, including the cost of the record, briefs, and filing fee.