Lois Thomas Grumbles v. Harold Bernard Grumbles

4625                                          431 S.W. 2d 241

Opinion Delivered September 9, 1968

*Arnold, Hamilton & Streetman* for appellant.

*Carneal Warfield* for appellee.

Paul Ward, Justice.    This is the second appeal by these parties.    See *Grumbles* v. *Grumbles,* 238 Ark. 355, 381 S.W. 2d 750.

In the first case appellant, the wife, was granted a divorce from her husband, appellee here.    In that case, the trial court (on April 24, 1963) granted appellant custody of their two children, and ordered appellee to pay child support and $154 per month as alimony. Later appellee became eleven months delinquent in payment of alimony—a total of $1,694.

On June 14, 1967 appellant filed in chancery court a "Petition for Contempt Citation" against appellee. The petitioner alleged that, in spite of frequent demands, appellee was delinquent in the above mentioned

amount, and is in contempt of court. In the prayer appellant also asked for *"a reasonable sum for the services of her attorney"*.

Answering the above petition, appellee filed an answer, stating: (a) admits being delinquent as alleged; (b) admits he has ignored repeated demands; (c) denies he is in contempt or that he should pay said amount "because of the harrassment and persecution of the petitioner". Later appellee, in a response to appellant's Motion for Summary Judgment, paid the sum of $1,694 in to the registry of the court "for satisfaction of his past due alimony".

No testimony was offered by either side, and the issues of contempt, alimony, and attorney's fee were presented to the trial court on the pleadings.

On June 29, 1967 the court (a) ordered the clerk to pay to appellant the sum of $1,694 in full payment of past due alimony; (b) ordered that appellee "should be purged of contempt", and; (c) took under submission "the issue of attorney fees". Appellant was "granted 20 days to plead" further.

No further pleadings were filed, and on December 18, 1967 the trial court entered an Order denying a fee for appellant's attorney. It is from the above Order that appellant prosecutes this appeal.

It is our conclusion that the trial court was correct, and that its holding must be sustained.

Ark. Stat. Ann. § 34-1210 (Repl. 1962), in pertinent parts, reads:

> "During pendency of action for divorce or alimony the Court may allow the wife . . . reasonable fee for her attorneys . . . and the Court *may* allow additional attorneys fees for the enforcement of payment of alimony . . . " (Our emphasis.)

As is indicated by the word "may" above, our courts have consistently held for many years that allowances of alimony and attorney fees are matters that lie within the sound discretion of the trial court. See: *Plant* v. *Plant,* 63 Ark. 128, 37 S.W. 308; *Gladfelter* v. *Gladfelter,* 205 Ark. 1019, 172 S.W. 2d 246, *Lewis* v. *Lewis,* 222 Ark. 743, 262 S.W. 2d 456, and *McGuire* v. *McGuire,* 231 Ark. 613, 331 S.W. 2d 257. In the *Plant* case the court, in 1896, was construing Sand & H. Dig. sec. 2512 and in the *Gladfelter* case the court, in 1943, was construing Pope's Dig. § 4388—both sections being the same as the present statute copied above. In the *McGuire* case the Court, in construing § 34-1210, made the following statement:

"This Court has said many times that the granting of support and attorney's fee are within the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse of discretion".

We find nothing in the record before us—and appellant points to none—from which we could reasonably conclude the trial court abused its sound discretion in this instance.

Accordingly, the holding of the trial court should be, and it is hereby, affirmed.

HARRIS, C.J. & BROWN, J. dissent.

CARLETON HARRIS, Chief Justice. If the record reflected that Mr. Grumbles had become delinquent in the alimony payments to his ex-wife because of financial inability to pay, I would agree that no attorney's fee should be allowed. However, this was not the situation. As mentioned by the majority, in his response to appellant's petition for relief, Mr. Grumbles admitted that he was delinquent as alleged; admitted that he had ignored her repeated demands, but denied that he was in contempt, or that he should pay

the amount sought because of the "harassment and persecution" of Mrs. Grumbles.   No testimony was offered, and appellee paid the sum of $1,694.00 into the registry of the court to satisfy the past due alimony.

No evidence was taken, and I accordingly do not know whether Mr. Grumbles is well off financially, or on the verge of bankruptcy.   Likewise, the record fails to reveal whether Mrs. Grumbles is financially "well fixed," or barely able to "make ends meet."   I presume, however, that appellee's failure to pay was not predicated upon financial reasons, for if such were the case, he would certainly have set it up as a defense—and he would have been unable to pay the money.   At any rate, when one becomes delinquent in making payments ordered by a court, I think that certainly the burden is upon him to establish a valid reason for not making the payments.   This was not done.

The fact remains that Mrs. Grumbles waited eleven months to receive the alimony—and was only able to obtain it after court proceedings were instituted. Under these circumstances, I think a reasonable fee should have been allowed.

I therefore respectfully dissent.

Lyle Brown, Justice.   I would reverse and remand with directions that proof be taken on the issue of contempt.   If we knew the facts we might readily agree that Grumbles was not in contempt.   Since he was cited to show cause, and since he was admittedly delinquent, I think the husband should come forth with his proof.

We would then have a record to evaluate.