CAPITOL OLD LINE INSURANCE
COMPANY *v.* Christine M. GORONDY, Administratrix
of the Estate of Steve GORONDY, Deceased

CA 80-419                                    612 S.W. 2d 128

Court of Appeals of Arkansas
Opinion delivered February 25, 1981
[Rehearing denied March 25, 1981.]

*Daggett, Daggett & Van Dover*, by: *Jimason J. Daggett*, for appellant.

*William H. Drew*, for appellee.

Tom Glaze, Judge. This appeal is from a jury verdict rendered in favor of the appellee, Christine M. Gorondy, as Administratrix of the Estate of Steve Gorondy, deceased. Appellant, Capitol Old Line Insurance Company, had issued an insurance policy on Steve Gorondy's life, and one month later he died while at work. Gorondy was interred without any certification as to cause of death. Claim for payment under the life insurance was made and Capitol denied payment, contending that Gorondy had falsely and fraudulently executed his application for the insurance policy stating that "he was in sound health and never had, nor been told that he had, or been treated for, heart disease, high blood pressure, lung or kidney ailment or cancer." The Administratrix filed suit against Capitol which resulted in a jury verdict against Capitol in the sum of $8,812.50 plus interest, statutory attorney's fees and penalty.

The legal issue raised by Capitol is whether the trial court erred in giving two instructions to the jury which Capitol contends are conflicting and misled the jury. Of course, if Capitol is correct in its contention, it is settled law that it is prejudicial error for the court to give instructions which are directly conflicting and calculated to mislead the jury. *McCurry* v. *Hawkins*, 83 Ark. 202, 103 S.W. 600 (1907), *St. Louis, Iron Mountain & Southern Railway Company* v. *Woods*, 96 Ark. 311, 131 S.W. 869 (1910) and *Chicago Mill &*

*Lumber Company* v. *Johnson*, 104 Ark. 67, 147 S.W. 86 (1912). To consider the issue presented on appeal, it is necessary to set forth the two instructions in full. Instruction No. 1 was requested by Capitol and granted by the trial court over appellee's objection, and Instruction No. 7 was requested by appellee which was granted by the trial court over Capitol's objection. The instructions are as follows:

## PLAINTIFF'S REQUESTED
## INSTRUCTION NO. 7

Defendant, Capitol Old Line Insurance Company, has the burden of proving its affirmative defense that Steve Gorondy *fraudulently misrepresented* the facts in his application for insurance with Capitol Old Line Insurance Company, material to the risk, and further that Capitol Old Line Insurance Company would not have issued its policy of insurance if the true facts had been known.

Whether or not Steve Gorondy fraudulently misrepresented facts is for you to determine from the evidence in this cause. If you so find, Capitol Old Line Insurance Company must further prove such fraudulent misrepresentation had a causal relationship to the death of Steve Gorondy.

If the Defendant has proved to your satisfaction that Steve Gorondy made misrepresentations in his application for insurance with Capitol Old Line Insurance Company that were *fraudulent*, and material to the risk, and further find that Capitol Old Line Insurance Company would not have issued its policy of insurance if the true facts had been known, and you further find that there was a causal connection between such *fraudulent misrepresentations* and the death of Steve Gorondy, then you will find for Defendant, Capitol Old Line Insurance Company. [Emphasis supplied.]

## DEFENDANT'S INSTRUCTION NO. 1

You are instructed that if you find the decedent, Steve

Gorondy, failed to inform the Defendant insurance company about his previous high blood pressure, and that such information was material, that is, that the information would have caused the Defendant insurance company to refuse the issuance, then the Defendant has a right to avoid this policy and is not obligated thereunder. *It is immaterial and irrelevant if the insured acted in good faith, without any bad motive or intent to deceive. This means that if a representation is made which is untrue and material, it taints the entire policy, whether fraudulent or not.* The Defendant insurance company has only to prove the making of the misrepresentation and its effect upon the risk undertaken. [Emphasis supplied.]

It is readily apparent that the two instructions above are in conflict. Moreover, after a study of the record and briefs, we also find that the instructions conflict with the law as well. First, the Administratrix contends that Capitol had the burden of proving that Steve Gorondy *fraudulently* misrepresented the facts in his application for insurance. This contention seems to arise from the fact that in its answer Capitol alleged "by way of affirmative defense" that Gorondy made misrepresentations in his application which were fraudulent.

The controlling law on what Capitol's burden of proof was in this case is set forth in Ark. Stat. Ann. § 66-3208 (Repl. 1980), which provides as follows:

All statements in any application for a life or disability insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:

(a) Fraudulent; *or*

(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; *or*

(c) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount or at the same premium or rate, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise. [Emphasis supplied.]

Although Capitol plead the affirmative defense that there was a fraudulent misrepresentation, § 66-3208(b) clearly provides that a misrepresentation need only be "Material either to the acceptance of the risk, or to the hazard assumed by the insurer." See *National Old Line Insurance Company* v. *People* 256 Ark. 137, 506 S.W. 2d 128 (1974), and the cases cited therein.

The court may require a pleading to be amended to conform to the facts proved. Ark. Stat. Ann. § 27-1160 (Repl. 1979) and Rule 15(b) of the *Arkansas Rules of Civil Procedure*. This procedure has been followed in many cases. *Callahan* v. *Farm Equipment, Inc.*, 225 Ark. 547, 283 S.W. 2d 692 (1955); *Elmore, Admr.* v. *Dillard*, 227 Ark. 260, 298 S.W. 2d 338 (1957); *Royal Service Company* v. *Whitehead Construction Company, Inc.*, 254 Ark. 234, 492 S.W. 2d 423 (1973). At the trial of this cause, there was sufficient evidence presented, without an objection, to support an instruction which contained the necessary element of material misrepresentation as opposed to a fraudulent misrepresentation. In view of the law as set forth in § 66-3208 above and the evidence before the court, we believe the correct procedure would have been for the court to require that Capitol's answer conform to the proof and refuse the Administratrix's Instruction No. 7, which required Capitol to show fraud.

Regarding Defendant's Instruction No. 1, we are concerned because it is not clear from the wording in the instruction whether a causal relation must exist between Gorondy's alleged material misrepresentation and his death. Our Supreme Court has held this causal connection must be established. *National Old Line Insurance Company* v. *People, supra.* Instruction No. 1 does contain language

which would require Capitol to prove the misrepresentation and its effect upon the risk undertaken, but we do not believe this language addresses the causal relation issue. Therefore, we hold that Instruction No. 1 is only a partial statement of the law and did not comply with § 66-3208 or the principle of law enunciated in *People.*

Since we find both the Instructions No. 1 and No. 7 to be in conflict with one another as well as with the law, we must hold that the jury verdict be reversed and this cause is remanded.

Reversed and remanded.