Hulon P. MITCHELL *v.* Ann MITCHELL

CA 81-3                                   616 S.W. 2d 753

Court of Appeals of Arkansas
Opinion delivered June 3, 1981

*Holmes, Holmes & Trafford*, by: *Winfred A. Trafford*, for appellant.

*Coleman, Gantt, Ramsay & Cox*, for appellee.

LAWSON CLONINGER, Judge. Appellant Hulon P. Mitchell and appellee Ann Mitchell were divorced on October 17, 1978, and it was decreed that appellant was to pay the sum of $350.00 per month for the support of the couple's two minor children. Appellant was to also maintain insurance and pay medical bills for the children. When the oldest child, Michelle, attained age 18, appellant petitioned the court to terminate support for Michelle and to establish the proper amount of support for the one remaining child, Paula. The trial court found that support should continue for the older child and that appellant should pay $400.00 per month for the support of the two children.

For reversal, appellant urges that the trial court committed error when it (1) amended the pleadings to ask for continuing support beyond age 18 for the older child; (2) found that appellant had a duty to continue support for a child who had reached age 18; and (3) set the support at $400.00 per month.

We determine that appellant's first point is without merit, but that the trial court's decision must be reversed on points 2 and 3.

In her response to appellant's petition, the appellee did not ask for continued support payments for Michelle, the

older child, but requested only that the support payments for Paula, the younger child, be substantially increased. The issue of continued support for Michelle was brought up by the chancellor, and testimony was taken regarding the college expenses of Michelle. For his first point for reversal, appellant argues that it was an abuse of discretion for the court to amend the pleadings on its own motion.

This Court recently held in *Capitol Old Line Insurance Company* v. *Gorondy, Administratrix*, 1 Ark. App. 14, 612 S.W. 2d 128 (1981), that the trial court may require a pleading to be amended to conform to the facts proved. Ark. Rules of Civil Procedure, Rule 15 (b), provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. There was no objection made by appellant to questions concerning college expenses of Michelle, and, in fact, appellant's attorney questioned appellant about Michelle's college expenses and voluntary payments toward college expenses made by appellant. The chancellor did not abuse his discretion in treating the pleadings as amended to conform to the evidence.

Appellant's second and third points are discussed together on this appeal because they were treated as interdependent by the trial court. The chancellor, in his ruling, discussed at length the duty of a parent to contribute to the college education of a child who has reached majority, and it is clear that the setting of support payments in this case was influenced by the chancellor's belief that a parent bears such a duty. The chancellor, in his ruling, made this observation:

> The Court — recognizing that there is no clear cut case in Arkansas directly in point — but also recognizing that the very few cases that we have imply rather strongly that all parents of adult children, under certain facts, do have a certain legal obligation as distinguished from a moral obligation to support an adult child in college.

A number of Arkansas cases have held that a parent has a legal obligation to contribute to the education of an adult

child, but in every case so holding there has been a circumstance of special need. In *Petty* v. *Petty*, 252 Ark. 1032, 482 S.W. 2d 119 (1972), the Court held that support should be continued past majority where the daughter was afflicted with epilepsy and was in need of specialized training to obtain employment. In *Elkins* v. *Elkins*, 262 Ark. 63, 553 S.W. 2d 34 (1977), the father was required to continue child support payments as long as his handicapped adult child was in college. In *Matthews* v. *Matthews*, 245 Ark. 1, 430 S.W. 2d 864 (1968), the Court ordered support continued for an eighteen-year-old child until she graduated from high school. In *Jerry* v. *Jerry*, 235 Ark. 589, 361 S.W. 2d 92 (1962), the Arkansas Supreme Court stated:

> In *Missouri Pacific Railroad Company* v. *Foreman*, 196 Ark. 636, 119 S.W. 2d 747 (at page 651 of the Ark. Reports) we said: 'Ordinarily, there is no legal obligation on the part of a parent to contribute to the maintenance and support of his children after they become of age.' A significant word in the above quotation is the word 'ordinarily,' showing that the Court realized there might be circumstances which could impose on a parent the duty to support a child after such child became of age. This fact was expressly recognized in *Upchurch* v. *Upchurch*, 196 Ark. 324, 117 S.W. 2d 339 (page 327 of the Ark. Reports) where it was stated: 'It is of course the duty of the father to contribute to the support of his children even after they are of age if the circumstances are such as to make it necessary.' . . .

In *Riegler* v. *Riegler*, 259 Ark. 203, 532 S.W. 2d 734 (1976) the Court stated:

> The appellant's daughter involved in the case at bar has reached her majority and is not physically or mentally handicapped. We conclude, on trial *de novo* that the appellant should have been relieved of the legal obligation to support his youngest daughter after she attained her majority and graduated from high school.

We are not aware of any Arkansas case that has required

a parent to support an adult child, whether in college or not, where there are no circumstances which make such support a necessity. There was no showing in the instant case that any special or unusual circumstance was present, and we hold that the appellant cannot be required to support Michelle. It was error for the trial court to consider the support of Michelle in establishing the amount of appellant's payments, and because of that error this cause must be reversed.

Appellant contends that the trial court committed error when, in fixing the amount of the support payments, it deviated from the mathematical formula set forth on the Family Support Chart. It is sufficient to say here that the chart is only a guide for the trial court and is not intended to be binding. The setting of the amount of support payments is in the sound discretion of the chancellor, and his finding will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Grumbles* v. *Grumbles*, 238 Ark. 355, 381 S.W. 2d 750 (1964).

This cause is reversed and remanded to the trial court for the purpose of establishing the amount of support payments for the younger child, Paula.