Chester John GUFFIN *v.* Bonnie P. GUFFIN

CA 81-328                                            632 S.W.2d 446

Court of Appeals of Arkansas
Opinion delivered May 12, 1982

*Smith & Nixon,* by: *Griffin Smith, Jr.,* for appellant.

*Gill, Skokos, Simpson, Buford & Owen,* for appellee.

LAWSON CLONINGER, Judge. Appellant, Chester John Guffin, Jr., and appellee, Bonnie P. Guffin, were divorced in 1969, and appellant was ordered to pay $350 per month for the support of the three minor children of the marriage.

The parties' eldest child became 18 on November 9, 1979, and on September 26, 1980, appellant petitioned the trial court to enter an order relieving appellant of responsibility for the support of the eldest child. In response, appellee moved for an increase in child support payments, owing to changed circumstances and the increased cost of supporting children. The second of the parties' three children became 18 on May 5, 1981.

On May 7, 1981, the trial court entered an order increasing the support payments for the one remaining minor child to $425 per month and found appellant in arrears for past support payments. Appellant urges on this appeal that the trial court abused its discretion in awarding the increased payment, and urges that the trial court was in error in awarding support payments for the eldest child subsequent to appellant's filing his petition for relief.

We hold that the basis for the increase in support payments is unsound, but the decision is otherwise affirmed.

Chancery courts have broad powers to modify child support provisions when such modification is in the best interest of the child, and no hard and fast rule can be

established regarding specific changed circumstances or the necessary degree of change. *Hurst* v. *Hurst*, 269 Ark. 778, 602 S.W.2d 137 (Ct. App. 1980). Some of the factors to be considered by the court in fixing an amount to be contributed for child support enumerated in *Barnhard* v. *Barnhard*, 252 Ark. 167, 477 S.W.2d 845 (1972), include the needs of the children, the assets of each parent, earning capacities and income and indebtedness. The court in *Barnhard* further observed that modifications of amounts are to be made according to the necessity of one parent and the ability of the other.

The assumption is that the chancery judge correctly fixed the proper amount for child support in the original decree, *Clinton* v. *Morrow*, 220 Ark. 377, 247 S.W.2d 1015 (1952), and an increase in child support must be based upon a showing of changed circumstances. *Barnes* v. *Barnes*, 246 Ark. 624, 439 S.W.2d 37 (1969). One seeking modification has the burden of proving that there has been a change of circumstances requiring a modification, *Stovall* v. *Stovall*, 228 Ark. 1077, 312 S.W.2d 337 (1958), and whether a modification is justified by changed circumstances is within the sound discretion of the chancellor. *Hurst* v. *Hurst*, *supra.*

In fairness to both of the parties, it is necessary for this case to be remanded to the trial court for further development. There was little effort by the parties to show a change in circumstances since the entry of the original decree of support. We must assume that the court was correct in setting the original figure, but the record does not reflect what appellant's income or other circumstances were at that time.

The trial court reached the conclusion that appellant's weekly net income is presently $879.71 upon extremely ambiguous evidence. In response to a written interrogatory relative to his income, appellant stated: "Paid bi-weekly, $1,346.15 Gross each check, $879.71 net each week." Appellant argues for the first time on this appeal that he obviously intended to state that his net income each *check* was $879.71. The error, if there is an error, would not warrant a reversal,

because appellant registered no objection to the finding of the chancellor. Inasmuch as the case must be remanded on other grounds, appellant should be allowed to clarify the matter of his income.

The record indicates that the trial court based its order solely on the child support chart applied to what the court believed was appellant's income. There was no evidence that the increase in support payments was based upon any substantial change of circumstance, the relative incomes of appellant and appellee, or the fact that all three of the parties' children are employed in the business owned by appellee. All those factors should be considered, although the child support chart can justifiably be a useful guide.

Appellant could not, of his own volition, reduce the monthly support payments. The court alone has that right. The original award of $350 monthly was for the support of three children, and appellant had no right to conclude that one-third of that sum was for each child. *Jerry* v. *Jerry*, 235 Ark. 590, 361 S.W.2d 81 (1962).

The case is reversed and remanded to the trial court for the taking of any further evidence offered by the parties relative to the setting of an award of support for the one remaining minor child. The order of the trial court on the question of arrearages is affirmed.