William Donald PERKINS *v.* Deborah Ann PERKINS
(Novotny)

CA 84-324                                    690 S.W.2d 356

Court of Appeals of Arkansas
Division I
Opinion delivered May 22, 1985

*Wallace and Hamner*, for appellant.

*Dodds, Kidd, Ryan & Moore*, by: *Richard N. Moore, Jr.*, for appellee.

LAWSON CLONINGER, Judge. Appellant contends in this appeal that the order of the chancellor directing appellee to pay only $500 per year for the support of two minor children in appellant's custody constituted an abuse of discretion. Appellant argues that the figure is inadequate, as it represents less than one-fourth of the usual minimum amount required. We agree that the chancellor erred in setting the figure at such a relatively low level, and we reverse his decision and remand with instructions to the chancellor to establish an appropriate amount of support payments.

Appellants and appellee were divorced in June, 1975, and by agreement appellee was granted custody of the couple's two minor children. In November, 1978, following hearings, appellant was awarded custody of the children. Appellee, who in the meantime had remarried and moved to the state of Idaho, filed a motion in March, 1984, requesting that she be allowed visitation rights for five weeks during the summer at her home. In his response and cross motion, appellant prayed for an order directing appellee to pay a reasonable weekly sum for child support. In April, 1984, the court entered an order permitting a one-month summer visitation in Idaho with air transportation expenses to be paid by appellee. After entertaining another motion by appellant seeking child support, the court issued an order in May, 1984, requiring appellee to pay appellant $500 per year in equal installments of $250, due each January 10 and September 5. From that order appellant brings this appeal.

The amount of child support to be awarded, if any, rests in the discretion of the court granting the divorce and is to be determined from the circumstances and the situation of the parties. *Cantrell* v. *Cantrell*, 10 Ark. App. 357, 664 S.W.2d 493 (1984). Among the factors to be considered in fixing an amount to

be contributed for child support are the needs of the children and the assets, earning capacity, income, and indebtedness of each parent. *Guffin* v. *Guffin*, 5 Ark. App. 83, 632 S.W.2d 446 (1982); *see also Barnhard* v. *Barnhard*, 252 Ark. 167, 477 S.W.2d 845 (1972). The chancellor's finding will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Mitchell* v. *Mitchell*, 2 Ark. App. 75, 616 S.W.2d 753 (1981).

In the present case, appellant employed the Family Support Chart in an attempt to establish a standard for determining the amount of child support owed by appellee. The mathematical formula set forth in the chart is, of course, only a guide for the trial court and is not intended to be binding. *Mitchell* v. *Mitchell, supra.* Still, it remains a valuable tool for the court's use as the various factors mentioned above are weighed. That the chancellor failed to consider the level of support recommended by the chart is clear when the following comparisons, based upon appellee's take-home salary, are made:

| Yearly Amount Per Family Support Chart | Yearly Amount Per Chancellor's Order | Yearly Amount Including Cost of Visitation |
|---|---|---|
| $2,392.00 | $500.00 | $1,037.00 |
| Percentage of Take-Home Salary Per Family Support Chart | Percentage of Take-Home Salary Per Chancellors Order | Percentage of Take-Home Salary Including Cost of Visitation |
| 26.30% | 5.49% | 11.40% |

While we by no means intend to suggest that the figures appearing in the Family Support Chart column are required under the circumstances of this case, we believe that the substantial disparity between the chart's and the chancellor's calculations* indicates a failure on the court's part to give proper consideration to all factors in reaching a conclusion. This constitutes a reversible abuse of discretion.

This cause is reversed and remanded to the trial court for the purpose of establishing a reasonable amount of support to be paid by appellee, giving due consideration to the factors enumerated in *Guffin* v. *Guffin, supra.*

---

* The third category, including the expense to appellee for the children's travel to Idaho, also reflects a disproportionately low level of support when compared to the chart's recommendation.

COOPER, J., agrees.

GLAZE, J., concurs.

TOM GLAZE, Judge, concurring. I concur. I agree the chancellor's decision should be reversed but not because of the substantial disparity between the Family Support Chart amount and that awarded by the chancellor. From the record, I believe it is clear that the chancellor failed to consider the childrens' needs, circumstances and ages, the parents' ability to pay or the parties' standard of living.