Marian R. BORDEN (Byrne) *v.* Francis P. BORDEN, III

CA 86-286 724 S.W.2d 181

Court of Appeals of Arkansas
Division II
Opinion delivered February 11, 1987
[Rehearing denied March 11, 1987.]

*Patten & Brown*, for appellant.

*Hurley, Whitwell & Shepherd*, for appellee.

BETH GLADDEN COULSON, Judge. This appeal from the chancery court of Pulaski County raises three points for reversal. First, appellant contends that the trial court declared that *Perkins* v. *Perkins*, 15 Ark. App. 82, 690 S.W.2d 356 (1985) holds that the use of the Family Support Chart is mandatory in all circumstances unless there is evidence of disability or other unusual circumstances and that such holding is erroneous. Second, appellant contends that the court's finding of a change in circumstances sufficient to justify imposing an obligation of support on her is erroneous. Third, appellant contends that the court's award of support is an "effective retaliation" against her for seeking to enforce visitation rights. We do not agree with appellant, and the decision of the chancellor is affirmed.

As to the first point, we do not agree that the trial court declared that *Perkins, supra*, holds that the use of the Family Support Chart is mandatory. Clearly, this is not what *Perkins* stands for. After hearing the evidence, the chancellor entered an order stating:

> The application of the Family Support Chart to provide predictability, certainty and perceived fairness to each non-custodial parent making the same net income is deemed *in this case* to be directed by *Perkins* v. *Perkins*, 15 Ark. App. 82 (1985); therefore the amount of the support prescribed by the Chart is found to be appropriate. [Emphasis added.]

The use of the Family Support Chart is authorized by Ark. Stat. Ann. § 34-1211 (Supp. 1985). Subsection (A) states:

When a Decree shall be entered, the Court shall make such Order touching the . . . care of the child and children, if there be any, as from the circumstances of the party and nature of the case shall be reasonable. In determining a reasonable amount of support to be paid by the non-custodial parent, the Court shall refer to the most recent revision of the Family Support Chart found in the Domestic Relations Handbook published by the Arkansas Bar Association and may use such in determining the amount of support to be ordered.

It cannot be stated strongly enough that the Family Support Chart is to be used as a *guide* and is not intended to be binding. There are no instances in which this court has stated that the chart is mandatory. On the contrary, in *Perkins* we cited *Guffin* v. *Guffin*, 5 Ark. App. 83, 632 S.W.2d 446 (1982); and *Barnhard* v. *Barnhard*, 252 Ark. 167, 477 S.W.2d 845 (1972) which held that the court should consider the needs of the child, the assets of each parent, their respective ages, earning capacities, incomes and indebtedness, state of health, future prospects and other factors.

When *Guffin* and *Barnhard* are read in conjunction with *Perkins*, it becomes evident that the Family Support Chart is clearly not to be anything but a guide or tool. Indeed, no mathematical formula could ever be arbitrarily applied to such a family problem as the amount of support a parent will pay for a minor child.

■■ To declare that the *Perkins* case or Ark. Stat. Ann. § 34-1211 effectively eliminates the necessity of the need for equity, or a chancellor in child support cases, is utterly without foundation. The *Perkins* case and the statute both set out that the Chart is a guide for the Court to use in making its award. In this case, as in all cases, the chancellor had the opportunity to hear the evidence and testimony and if, as in this case, there is no reason to apply a figure other than as set out in the Family Support Chart, and if that figure is a reasonable and appropriate figure as the chancery court determined, then that award of support is not an abuse of discretion. A chancellor's finding as to child support will not be disturbed on appeal unless it is shown that the chancellor abused his discretion. *Perkins, supra; Mitchell* v. *Mitchell*, 2 Ark. App. 75, 616 S.W.2d 753 (1981). It is stretching matters to

state that *Perkins* demands application of the chart provisions except in unusual circumstances, and we do not find that the court abused its discretion in this case in awarding support based upon the Family Support Chart.

 Second, appellant argues that appellee failed to show a sufficient change in the circumstances to justify the court's award of child support, relying upon *Glover* v. *Glover*, 268 Ark. 506, 598 S.W.2d 736 (1980). Four years prior to the proceedings giving rise to this appeal, the parties agreed that appellant would not pay support to appellee for the support of the parties' son, and an order was entered reflecting their agreement. After appellant commenced the present proceeding to clarify and enforce her visitation rights, appellee moved for an award of support. The evidence showed that the parties' child was attending private school and that his needs had increased as he had gotten older. Based upon a review of the evidence, it is clear that the needs of the child had increased after the parties' agreement to forego support on the part of appellant four years earlier. There was evidence as to both parties' means and income, and there was no showing that appellant was incapable of paying support for her son.

 While we review chancery cases *de novo* on appeal, the findings of the chancellor will not be reversed unless clearly against a preponderance of the evidence. Since the question of a preponderance of the evidence turns largely on the credibility of the witnesses, we defer to the superior position of the chancellor in this regard. *Andres* v. *Andres*, 1 Ark. App. 75, 613 S.W.2d 404 (1981). Our review of the evidence does not reveal that the finding of the chancellor was clearly erroneous or that the amount set as child support constituted an abuse of discretion.

 For her third point for reversal, appellant contends that the granting of support by the court somehow constituted a retaliatory measure against her for seeking to enforce her visitation rights. We find no evidence to this effect. Appellant received exactly what she requested, that is, a definite determination of her rights of visitation. Simply because the court found that the circumstances warranted an award of support cannot be said to constitute retaliation. The matter of whether to award support is, as noted above, a matter within the sound discretion of the trial court, and there is no showing in this case of an abuse of

that discretion or that findings of the court were clearly erroneous or against a preponderance of the evidence. The decision is therefore affirmed.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.