UPCHURCH *v.* UPCHURCH.

4-5041

Opinion delivered May 30, 1938.

*Jay M. Rowland,* for appellant.

*Walter J. Hebert,* for appellee.

MEHAFFY, J. The appellee, Lemuel Upchurch, on March 5, 1937, filed suit in the Garland chancery court for divorce. Affidavit was filed showing that Bessie Upchurch was a nonresident and Mr. Jay M. Rowland, a regular practicing attorney, was appointed to defend for appellant. A warning order was published and appellee, on May 6, 1937, filed an amended complaint. Then on August 24, 1937, he filed an amendment to the original and amended complaints. The original complaint showed that the appellant and appellee were married October, 1917, in the state of Illinois and lived together as husband and wife until about April 24, 1932. Desertion was charged in the original complaint.

In the amended complaint appellee charged cruel and barbarous treatment, and he set out in detail the act constituting cruel and barbarous treatment. He also alleged in his amended complaint that on or about April 24, 1932, after cursing him and telling him that she had a better man, she refused to live with him as his wife and wilfully deserted him.

In the amendment to the original and amended complaints, he alleged that they had not lived together as husband and wife since 1932, and for a period continuously of over three years next before filing this suit for divorce.

On September 14, 1937, appellant filed answer denying all the material allegations in the complaint.

On September 21, 1937, there was a trial, and the court entered a decree in favor of appellee for divorce. The parties had two children, a boy 17 years of age, and a girl 19 years of age, who have lived with their mother ever since the separation.

The evidence shows that the parties have not lived together as husband and wife for more than five years; that he has no property, but having served in the army for fourteen years is receiving $50 a month compensation from the United States Government. The appellant does not ask that the decree be reversed, but asked that it be

modified to the extent of compelling the appellee to support his minor children and aid in the support of his wife during their joint lives or until she should remarry.

Section 4390 of Pope's Digest provides: "When a decree shall be entered the court shall make such order touching the alimony of the wife and care of the children, if there be any, as from the circumstances of the parties and the nature of the case shall be reasonable."

There was some conflict in the evidence in this case, but the decree of the chancellor is supported by substantial evidence.

The rule stated in 19 C. J. 249, is as follows: "As in the case of temporary alimony, the court in awarding or refusing permanent alimony may consider certain circumstances some of which are common to both the parties, and some of which affect only the husband or wife respectively. The court is not restricted to the issues made by the bill and answer, but may inquire as to all matter touching the circumstances, character, temper, and conduct of the parties, as well after as before decree passed."

The appellant testified that she lived in St. Louis and had four rooms; the two children live with her; that she worked about 3 days a week and received $4 for the three days; she just works of evenings; that the boy is working and the girl is not, but is trying to get work. She, also, testified that she had an insurance policy that her husband had taken out in 1924, but she had no other property except some furniture.

The appellee, as we have said, has no property, but receives $50 a month from the government.

"It is not necessarily obligatory upon the court to make any allowance to the wife for the maintenance of a child although its custody was awarded to her. The matter rests in the discretion of the court granting the divorce, and is to be determined from the circumstances and the situation of the parties." 9 R. C. L. 483.

It was in the discretion of the chancellor to allow or disallow the appellant alimony. It was his duty to consider all the circumstances in exercising his discre-

tion, and we cannot say there was an abuse of discretion. As to the children the evidence shows that the girl is of age, and that the boy is at work earning a living. It.is, of course, the duty of the father to contribute to the support of his children even after they are of age if the circumstances are such as to make it necessary. The chancery court did not pass on the question of support of the children, but merely denied the wife alimony. Of course the children are not barred from bringing a suit against their father, and whether they could recover or not would depend upon all the facts and circumstances. The decree of the chancellor does not bar them in any way.

The finding of the chancellor does not seem to be against the preponderance of the evidence, and the decree is, therefore, affirmed.