JERRY v. JERRY.

5-2777 361 S. W. 2d 92

Opinion delivered October 22, 1962.

*Spencer & Spencer*, for appellant.

*Brown & Compton*, for appellee.

PAUL WARD, Associate Justice. The question presented relates to the amount the divorced father should pay for the "maintenance and education" of his children under the peculiar facts and circumstances of this case. The factual background giving rise to this litigation is presently summarized.

Appellant, Gordon Jerry, and appellee, Mertice Jerry, were married October 6, 1937. They were divorced September 11, 1953 upon a complaint filed by appellee. They had three children—Bobby Jean (female) aged 10, Randall Lynn (male) aged 8, and Angela Lynett (female) 8 months old—whose care and custody was awarded to appellee. Incorporated in the divorce decree and approved by the court was an instrument executed by both parties entitled "Property Settlement, Agreement and Contract". In this instrument appellant agreed to "pay to the plaintiff the sum of $200 per month as child support for the maintenance and education of the three children born of this marriage". The decree indicates there was a property settlement and the record indicates certain real and personal property was given to appellee. The decree also provided that appellant would be in contempt of court if he failed to make any payment.

On March 8, 1961 appellee filed a petition stating: that on March 1, 1961 appellant paid only $133.33, and that he was in arrears in the sum of $66.67; that since the decree conditions have changed in that appellant's income is greater, the children's expenses have increased: Bobby Jean (then 18 years old) had finished high school and desires to enter college, and Randall Lynn is in junior high

school; that the cost of living had increased; that some of the rental property given to her produced little if any income; and, that $200 per month was insufficient. She prayed judgment for $66.67, for $300 per month for the children's maintenance, for suit money and for attorney's fee.

To the above petition appellant answered: Bobby Jean became 18 years of age February 7, 1961 and he was no longer liable to pay her one-third of the support money; and he was heavily in debt. He asked to have appellee's petition dismissed and his monthly payments reduced by $66.66. It is admitted that appellant, without authority from the court, made a payment of only $133.33 on March 1, 1961.

On September 21, 1961 the court, after a full hearing, in substance, made the following findings: (a) Although appellee's annual income is more than appellant's, the latter has, since the divorce, paid $9,000 on investments and now owns real estate, a liquor store and other business interests on which he owes considerable money; (b) appellant has no legal obligation to support his daughter, Bobby Jean, after she became of age in February, 1961; (c) since there is additional expense and cost in maintaining the two younger children in school the payments should remain at $200 per month; and, (d) appellant should pay the amount "he is in arrears by his voluntary reduction of those payments beginning last March". On the same date the chancellor entered a decree in accordance with the above findings.

For a reversal, appellant presents his argument under three separate points, but we feel that all issues raised can be resolved by a consideration of two questions: *One.* Was appellant legally and automatically relieved of any duty to make further payments for support of Bobby Jean when she reached the age of 18? *Two.* Does the weight of the evidence support the finding that the monthly payments should remain at $200? For the reasons hereafter set out, we have concluded the first question must be answered in the negative and the latter question must be answered in the affirmative.

*One.* Ark. Stats. § 57-103 makes it plain that "females of the age of eighteen (18) years shall be considered of full age for all purposes. . . ." In *Missouri Pacific Railroad Company et al.* v. *Foreman,* 196 Ark. 636, 119 S. W. 2d 747 (at page 651 of the Arkansas Reports) we said: "Ordinarily, there is no legal obligation on the part of a parent to contribute to the maintenance and support of his children after they become of age." A significant word in the above quotation is the word "ordinarily", showing that the Court realized there might be circumstances which could impose on a parent the duty to support a child after such child became of age. This fact was expressly recognized in *Upchurch* v. *Upchurch,* 196 Ark. 324, 117 S. W. 2d 339 (page 327 of the Arkansas Reports) where it was stated: "It is, of course, the duty of the father to contribute to the support of his children even after they are of age if the circumstances are such as to make it necessary." This court has uniformly held, based on Ark. Stats. § 34-1213, that the amount allowed for child support is subject to modification when required by changed conditions. See: *Watnick* v. *Bockman,* 209 Ark. 696, 192 S. W. 2d 131.

From the above there appears two sufficient reasons why appellant here could not, of his own volition, reduce the $200 monthly payment due on March 1, 1961. One is that the court (and the court alone) had the right to change the amount of the award for the support for the two minor children—which the court in fact did later do. The other reason is that the court, had the facts and circumstances justified, could have continued the original award for not only the two minors but also for Bobby Jean who had become of age. The fact that the trial court later found appellant was under no obligation, under the circumstances, to support Bobby Jean gave appellant no right to voluntarily stop part payment. A third reason might also be added— the award of $200 was for the maintenance of three children and appellant had no right to conclude that $66.67 was for Bobby Jean.

*Two.* Having the power to do so, we think the trial court was justified, under facts and circumstances, to con-

tinue the award of $200 per month for the support of the two minor children. At least we are unwilling to say such finding and holding was against the weight of evidence. Some of the facts on which the court based its decision have heretofore been set out in the findings, but there are others disclosed by the record. It appears undisputed that appellee is in poor health and that her earnings may be substantially diminished. The cost of living has gone up since the date of the original decree and the expense of maintenance of the two minors has increased. Appellee detailed the several items of expense such as groceries and clothing. The record also shows that appellant owns a grocery store, in which he and his wife both work, and from which they take groceries without keeping any account of the cost.

Appellee has asked for an attorney's fee and we think it should be, and it is hereby, allowed. In our opinion a fee of $200 is fair and reasonable under the circumstances. We do not find that any fee was allowed by the trial court. This procedure is in accordance with our previous decisions in similar cases and also with Ark. Stats. § 34-1210.

Affirmed.