ALBERT MATTHEWS v. GERALDINE MATTHEWS

5-4519                                              430 S.W. 2d 864

Opinion delivered August 26, 1968

*Reinberger, Eilbott, Smith & Staten* for appellant.

*John F. Gibson* for appellee.

GEORGE ROSE SMITH, Justice.   This is a divorce case in which the only two issues still being contested relate to the payments required of the appellant for the support of the parties' younger two children.

Mrs. Matthews obtained a divorce in September, 1965. By a supplementary decree entered in October, 1966, the chancellor approved a property settlement (which the chancellor considered to be a liberal substitute for alimony) and directed Matthews to pay $300 a month for the support of his two minor daughters—Dinah Gale, who was almost 18, and Dawn Elizabeth, who was six. There was no appeal from that decree, which has therefore become conclusive except to the extent that changed conditions may have arisen.

Two months after the entry of the supplementary decree Matthews filed a petition asserting that Dinah Gale had reached the age of 18 on December 11, 1966, that she was of sound mind and body (a fact later established by stipulation), and that the monthly support payment of $300 should be reduced by whatever amount had been provided for Dinah Gale. By agreement of the parties no additional testimony was taken. The chancellor concluded that the payments should continue at the level of $300 a month until Dinah Gale's graduation from high school in May, 1967, after which the allowance for the support of Dawn Elizabeth alone would be fixed at $200 a month. By this appeal Matthews questions both modifications of the earlier decree.

Upon the first point Matthews contends that his obligation to support the older child should have been terminated when she became of age rather than when she finished high school about six months later. Counsel cite, among other cases, *Worthington* v. *Worthington*, 207 Ark. 185, 179 S.W. 2d 648 (1944), where we reaffirmed our earlier holdings that "ordinarily" a parent's obligation to support a normal child ceases upon majority of the child. It may be observed that in the *Worthington* case the father actually agreed to support both his daughters until they became self-supporting, which in each instance proved to be at the age of nineteen.

Upon the point at issue our cases have not laid down an inflexible rule. In *Jerry* v. *Jerry,* 235 Ark. 589, 361 S.W. 2d 92 (1962), we pointed out that an earlier opinion had said that "ordinarily" there is no legal obligation on the part of a parent to support his children after they become of age. But we went on to say: "A significant word in the above quotation is the word 'ordinarily', showing that the Court realized there might be circumstances which could impose on a parent the duty to support a child after such child became of age."

In the case at bar we are not willing to say that the chancellor's decision was against the weight of the evidence. Had the chancellor terminated the appellant's support payments for Dinah Gale as soon as she became of age, it may be assumed, as far as this record shows, that she would have been forced to drop out of high school to support herself, there being no obligation on the part of either of her parents for her continued maintenance. We know, by common knowledge, that a high school diploma is of almost inestimable value to a young person who seeks to make his or her own living. The appellant, as a result of having taken no appeal from the supplementary October decree and as a result of having offered no new testimony at the hearing with respect to the modification of that decree, is not in a position to contend that he has suffered an undue hardship by having to support his daughter during the six months between her coming of age and her graduation from high school. Upon the facts of this case—and our decision of course is limited to those facts—we sustain the chancellor's slight extension of the appellant's minimum duty to support the older child.

We have concluded, however, that the weight of the proof does not sustain the chancellor's allowance of $200 a month for the support of six-year-old Dawn Elizabeth. At the hearings below Mrs. Matthews' testimony lumped all her family expenses so inextricably together that it is impossible to winnow from the record

a reasonable estimate of what it costs to support Dawn Elizabeth alone. It is fair to say, however, that the proof wholly fails to establish that $200 of the original $300 monthly allowance is now needed for Dawn Elizabeth's support, or will be so needed in the near future. To the contrary, the inferences to be drawn from the proof are that the older daughter's necessary maintenance decidedly exceeded that required for her six-year-old sister. Common knowledge rebuts the notion that it costs as much to support a girl of six as it does to support a young lady of eighteen. On the record as a whole we have concluded that the allowance for the support of Dawn Elizabeth should be reduced to $125 a month, subject to such modifications as may be called for by changed conditions that may develop in the future.

Upon this phase of the case counsel for the appellee makes the argument, supported by some citation of authority, that the original $300 monthly allowance ought not to be even roughly prorated between the two daughters, for the reason that the father's limited means might have compelled the court to approve an allowance that actually fell far short of being enough for the support of both children. If the record supported that argument then of course it would be altogether proper for the greater part of the $300 allowance—or even the whole of it—to be continued in force for the necessary support of Dawn Elizabeth. Our study of the testimony, however, does not convince us that this case is one in which the original allowance was necessarily fixed at an inadequate sum owing to the father's inability to pay the full amount required for his daughters' maintenance. Consequently we are unable to sustain the appellee's contention upon the point.

Modified and affirmed.

HARRIS, C. J., not participating.

BYRD, J., dissents as to the appellant's legal liability for his daughter's support after she reached her majority.