Walter Edward HOGUE *v.* Betty Jean HOGUE

77-167                                          561 S.W. 2d 299

Opinion delivered February 13, 1978
(In Banc)

*Hobbs & Longinotti,* by: *Richard W. Hobbs,* for appellant.

*William W. Green,* for appellee.

GEORGE ROSE SMITH, Justice. This appeal brings up for review an order of the chancery court directing the appellant to continue to make payments of $40 a month for the support of his 19-year-old daughter, a college student.

Mrs. Hogue obtained an uncontested divorce in 1962. The decree ordered the father to pay $35 a week for the support of the couple's four minor children. In 1970 or 1971, in a proceeding before the circuit judge, the father was permitted to reduce his payments to $40 a month (without an actual modification of the original decree). The father became totally disabled in 1971, after which the monthly $40 payments were made by his present wife, who is employed.

In November of 1976 the father filed his present petition for discontinuance of the child support payments, on the ground that all four children were past the age of 18. The mother resisted the petition, asking that the support payments be continued while the youngest daughter is in college and also seeking judgment for arrearages of $6,700 that had accrued during the preceding five years. After a hearing the chancellor ordered that the $40 payments continue through the daughter's first four years in college, but he refused to enter judgment for the arrearages.

The father made a prima facie case for discontinuance of the support payments. A parent is not under an absolute legal obligation to support an able-bodied child who has reached the age of majority. *Riegler* v. *Reigler,* 259 Ark. 203, 532 S.W. 2d 734 (1976); *Matthews* v. *Matthews,* 245 Ark. 1, 430 S.W. 2d 864 (1968); *Worthington* v. *Worthington,* 207 Ark. 185, 179 S.W. 2d 648 (1944). Any order for support beyond that age must be responsive to the particular circumstances of the case. Here it is undisputed that the father is totally disabled, that he owns no substantial property, and that for several years his present wife has supported him and made the monthly payments.

On cross-examination of the father it was brought out that he had not applied for Social Security disability benefits. The indications from the meager testimony are that the father will not consult doctors because he is afraid he has cancer and that an application for Social Security benefits would be unavailing without the support of medical evidence of disability.

We think the chancellor went too far in ordering continuation of the payments. The petitioning father had, as we have seen, made a prima facie case for a discontinuance. He had never applied for Social Security benefits and could not be expected to come to court prepared to meet that issue, which had not been raised by the pleadings. Entitlement to Social Security disability benefits depends upon such matters as the applicant's contributions to the system and the extent of his disability. See 42 USCA § 423 (1974). The petitioner's prima facie case shifted to the respondent the burden of going forward with the proof. She offered no testimony pertinent to that issue, which evidently was not contemplated by either party before the hearing. If an award of continued support is to be made in reliance upon Social Security benefits, the facts should be developed by proof. Otherwise there is no way to determine the proper amount to be allowed or to consider a possible change of circumstances in the future.

The appellee's failure to file a brief in this court is an abandonment of her cross-appeal from the trial court's refusal to enter judgment for the arrearages. *Salsbury* v. *Oliphant,* 216 Ark. 190, 225 S.W. 2d 329 (1949).

Reversed and remanded for further proceedings.

Byrd and Hickman, JJ., concur.

Conley Byrd, Justice, concurring. As I read Acts 1975, No. 892 [Ark. Stat. Ann. § 57-103 (Supp. 1977)], a person 18 years of age is an adult for all purposes. Since the proof here shows that the daughter was a normal 18 year old daughter, it would follow that the father would owe no legal duty of support. Any social security benefits accruing to the adult daughter as a result of her father's disability is a matter over which the trial court would have no jurisdiction in a divorce

proceeding, *Upchurch* v. *Upchurch*, 196 Ark. 324, 117 S.W. 2d 339 (1938).

For the reasons stated, I concur in the result of the majority.

HICKMAN, J., joins in this concurrence.