Anita D. BIERMAN *v.* William L. BIERMAN

CA 84-139 683 S.W.2d 241

Court of Appeals of Arkansas
En Banc
Opinion delivered January 23, 1985

*Hall, Tucker & Lovell,* for appellant.

*Meredith Wineland,* for appellee.

LAWSON CLONINGER, Judge. The issue on appeal is whether the trial court erred in refusing to enforce a property settlement and child support agreement. We are of the opinion that, under the circumstances, the minor's service in the armed forces, followed by his enrollment in college nearly a year after his discharge, ended appellee's obligation. Thus, we affirm the trial court's decision.

Appellant and appellee were divorced in 1976. By agreement of the parties, appellant was granted custody of the couple's minor child, Brian. A property settlement and child support agreement provided that appellee would pay $150 per month for support and maintenance of the child

and would continue this support "through college if [the] child elects to attend an accredited college and so long as [he] works toward an accredited degree." Provision was made for payments to continue through all twelve months of each college year. In 1977 monthly child support payments were increased from $150 to $200.

Brian, still a minor, enlisted in the United States Navy in November, 1980. He was discharged in March, 1982, at the age of eighteen, following an automobile accident. He received no benefits from the Navy. In the spring of 1983, the young man matriculated at the University of Arkansas at Fayetteville. He continued there through December 1983, and then transferred to the University of Arkansas at Little Rock for the next semester. The testimony indicates that between March, 1982, the date of Brian's discharge from the Navy, and January 16, 1984 — the date of the hearing — a period of some twenty-one months, the young man had earned twenty hours of college credit. At the time of the hearing, the parties' son was enrolled for sixteen academic hours and was employed part-time.

When appellee learned in December, 1980, that his son was serving in the Navy, he discontinued child support. After Brian's release and subsequent enrollment in college, appellee continued to refuse to make payments, asserting that his son had emancipated himself by joining the Navy and that he was no longer obligated to provide support. Appellant filed a motion in December, 1983, seeking enforcement of the child support agreement. Appellee responded that a change of circumstances had occured because the child had held himself out as an adult on entering naval service. In January, 1984, appellee petitioned Saline Chancery Court, requesting that he be relieved from any duy to pay child support. A hearing was held, and the chancellor found that appellee was no longer obligated to provide child support to appellant for Brian's support and education because any duty ceased at the time of the son's enlistment.

A parent is not under an absolute legal obligation to support an able-bodied child who has reached the age of majority. Any order for support beyond that age must be

responsive to the particular circumstances of the case. *Hogue* v. *Hogue,* 262 Ark. 767, 561 S.W.2d 299 (1978). *See also Matthews* v. *Matthews,* 245 Ark. 1, 430 S.W.2d 864 (1968); *Jerry* v. *Jerry,* 235 Ark. 589, 361 S.W.2d 92 (1962). In addressing the particular circumstances in this case, we must ask whether, at the time of the settlement, the parties contemplated the course of action pursued by their son.

It seems reasonable to infer that appellee was agreeing to provide child support under the ordinary pattern of enrollment for full time college study in the autumn semester following graduation from high school. Appellee surely did not envision obligating himself indefinitely. Fundamental principles of equity demand that appellee not be held liable for child support for the period during which Brian was away from home and receiving income from the Navy. On his discharge from the armed forces, Brian was no longer a minor and was no longer unable to pay his way at home. His academic career resumed approximately nine months after his naval career ended. Given these facts, we cannot fault the chancellor's finding of emancipation.

Affirmed.

GLAZE, J., concurs.