SLIP OPINION

Cite as 2016 Ark. 307

# SUPREME COURT OF ARKANSAS
No. CV-16-167

|  |  |
|---|---|
| | **Opinion Delivered:** September 15, 2016 |
| | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39CV-15-82] |
| BILLY RAY SMITH<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE CHALK S. MITCHELL, JUDGE<br><br>REVERSED; WRIT ISSUED; REMANDED TO PIKE COUNTY CIRCUIT COURT IN CASE NO. 55CR-77-1 WITH INSTRUCTIONS. |

**RHONDA K. WOOD, Associate Justice**

Appellant Billy Ray Smith filed a petition for writ of habeas corpus in Lee County where he is incarcerated for rape and aggravated burglary offenses. Smith appeals the denial of his petition. On appeal, Smith contends that the circuit court erred in finding his claim that he received an illegal sentence for rape under *Graham v. Florida* was without merit and denying habeas relief. 560 U.S. 48 (2010). As Smith was under the age of eighteen at the time of the offense, his sentence of life without parole is illegal. Accordingly, we reverse the denial of Smith's habeas petition, issue the writ, and remand to the sentencing court for entry of a sentence of fifty years on the rape charge in Pike County Circuit Court case number 55CR-77-1.

In 1977, appellant Billy Ray Smith entered guilty pleas in Pike County Circuit Court to charges of rape and aggravated robbery. In 1984, after the trial court granted a motion

for new trial, Smith was convicted, and he received a sentence of life imprisonment on the rape charge and a sentence of fifty years' imprisonment on the robbery charge, with the sentences to run consecutively.[1]  This court affirmed the judgment.  *Smith v. State*, 286 Ark. 247, 691 S.W.2d 154 (1985).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause.  *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503.  Under our statute, a petitioner for the writ who, as in this case, does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained.  Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2006).  Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue.  *Fields v. Hobbs*, 2013 Ark. 416.  Smith has made both such showings because he demonstrated that his sentence was illegal.

A circuit court's grant or denial of habeas relief will not be reversed unless the court's findings are clearly erroneous.  *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364.  A finding is clearly erroneous when, although there is evidence to support it, the appellate court is

---

[1] It appears, from a copy of a corrected judgment appearing in the record as an exhibit to Smith's habeas petition, that the trial court amended the judgment in 1988 to reflect a forty-year sentence for the aggravated-robbery charge.  The judgment as it concerns the robbery charge is not at issue here.

left, after reviewing the entire evidence, with the definite and firm conviction that a mistake has been committed. *Id.*

In *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283, this court acknowledged that, under the holding in *Graham*, the Eighth Amendment forbids imposition of a sentence of life without parole for a juvenile offender who did not commit homicide. It is clear from the record in the direct appeal that Smith was a juvenile when he committed the rape for which he was sentenced to life without parole. The state does not contest this and in fact concedes he is entitled to relief from the illegal sentence. In denying Smith's habeas petition, the circuit court found that his sentence for the rape was not life without parole. The State concedes in its brief that this finding was reversible error.[2]

In Arkansas, sentencing is entirely a matter of statute, and this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Hale v. Hobbs*, 2014 Ark. 405. In addition to the date that was listed on the copy of the judgment attached to Smith's habeas petition, the record on appeal in CR-85-32 clearly establishes that December 31, 1976, was, as an adjudicated fact, the date that the crime was committed in the rape case at issue, 55CR-77-1. Those records are appropriate for judicial notice. *See Bryant v. Hobbs*, 2014 Ark. 287 (per curiam).

Under the controlling statute, Arkansas Statutes Annotated section 43-2807(b) (Repl. 1977), individuals who were sentenced to life imprisonment after the February 12, 1969

---

[2]As the State notes, it is not clear from the circuit court's order if this mistake resulted from some confusion over the earlier order on Smith's guilty plea, or whether the circuit court incorrectly determined that the sentence imposed following retrial was life with eligibility for parole.

effective date of the implementing act are not eligible for release on parole unless the sentence is commuted to a term of years by executive clemency. Smith was sentenced to a term of life imprisonment for the rape charge on September 18, 1984, and he was therefore not eligible for parole.

Lee County Circuit Court's order denying Smith's petition is accordingly reversed. The State asks that we remand for the circuit court to issue the writ and allow a return under the habeas procedure provided in our statutes, citing *Hobbs v. Hodge*, 2015 Ark. 207, 461 S.W.3d 704. This case is unlike *Hodge*, however, because all dispositive facts are not only uncontested, but have been adjudicated, and this court is in a position to grant the requested relief on the record before it without need for a return on the writ. This court may raise an issue of an illegal sentence sua sponte, and it is obligated to correct an apparent illegal sentence on review on appeal. *Barber v. State*, 2016 Ark. 54, 482 S.W.3d 314 (per curiam) (citing *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003)).

Smith has established that he was a juvenile who was sentenced to life without parole for an offense other than homicide and therefore that his sentence on the rape charge was illegal under *Graham*. The rule in *Graham* applies retroactively to cases such as Smith's. *See Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). This court has held that the proper remedy for a *Graham* violation is reduction of the sentence from life to the maximum term–of–years sentence allowed by law. *Turner*, 2014 Ark. 19, 431 S.W.3d 283; *see also Proctor v. Hobbs*, 2015 Ark. 42. Rape under the applicable statute was a class A felony. Ark. Stat. Ann. § 41–1803 (Repl. 1977). As such, it was punishable by a term of imprisonment of not less than five years, nor more than fifty years, or life. Ark. Stat. Ann. § 41–901(a) (Repl. 1977).

Therefore Smith's sentence on the rape charge in 55CR-77-1 must be reduced to a term of fifty years' imprisonment. We reverse the denial of the petition for habeas corpus and issue the writ of habeas corpus and remand to the Pike County Circuit Court with instructions for the court to modify the judgment in 55CR-77-1 to reflect a sentence of fifty years' imprisonment on Smith's rape conviction.

Reversed; writ issued; remanded to Pike County Circuit Court in case no. 55CR-77-1 with instructions.

*Billy Ray Smith*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee