SLIP OPINION

Cite as 2017 Ark. 101

# SUPREME COURT OF ARKANSAS

No. CR–16–415

| | |
|---|---|
| KA'RON DAULE MOHAMMED<br>APPELLANT | **Opinion Delivered**: March 16, 2017 |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-10-60] |
| | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | <u>AFFIRMED; REMANDED WITH INSTRUCTIONS</u>. |

## PER CURIAM

In 2012, appellant Ka'Ron Daule Mohammed entered a guilty plea to second-degree murder, and a judgment was entered reflecting that he received a sentence of 40 years' imprisonment in the Arkansas Department of Correction and that the sentence was enhanced with an additional consecutive term of 15 years' imprisonment under Arkansas Code Annotated section 16-90-120 for an aggregate sentence of 55 years' imprisonment. In 2016, Mohammed filed in the trial court a petition to correct an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016). In the petition, Mohammed alleged that the sentence reflected on the judgment imposed for second-degree murder was outside of the statutory range, that the judgment was facially invalid, and that the sentence must be corrected. The trial court denied the petition, and Mohammed brings this appeal.

Section 16-90-111 provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Id.*

The petitioner seeking relief under section 16-90-111 carries the burden to demonstrate that his sentence was illegal. *Williams v. State*, 2016 Ark. 16, 479 S.W.3d 544 (per curiam). Under the standard of appellate review for a trial court's factual findings on which a decision to deny relief under section 16-90-111 is based, we do not reverse unless the decision is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam).

In his petition, Mohammed alleged that the statutory maximum for the charge of second-degree murder was thirty years and that the sentence imposed exceeded that maximum. Murder in the second degree is a Class A felony under Arkansas Code Annotated section 5-10-103 (Repl. 2013). The sentencing range for a Class A felony is not less than six years nor more than thirty years under Arkansas Code Annotated section 5-4-401 (Repl. 2013). Mohammed seeks to have the trial court reduce the sentence imposed in the judgment to thirty years.[1] The trial court found, however, that Mohammed was sentenced

---

[1] Mohammed attached a second amended judgment to his petition. The original and first amended judgments that are contained in the record appear to be the same as this second amended judgment concerning all relevant notations discussed in this opinion. The second amended judgment does reflect a different number of days denoted as jail-time credit.

for the murder as a habitual offender and that the sentence imposed in the judgment was therefore not illegal.

On appeal, Mohammed asserts that the trial court erred in failing to find that the sentence was illegal, and he argues that, even if the trial court had concluded that he was a habitual offender, the judgment entered was the controlling judgment over the judgment announced in court. He contends that his sentence for second-degree murder should therefore be reduced to the statutory maximum for those who are not habitual offenders.

The State urges that the applicable statute provided a sentencing range for a habitual offender of Mohammed's status of not less than six years nor more than fifty years for a habitual offender and that the 40-year sentence imposed for the second-degree murder fell within that range.[2] As support for the trial court's finding that Mohammed was sentenced as a habitual offender, the State points to the transcript of the plea hearing that was held for this matter, along with a number of other cases, and to a plea agreement attached to a plea-and-waiver document that is contained in the record. The record reflects that, at the plea hearing, counsel, the defendant and the court acknowledged the three prior convictions and that the potential sentence range was based on defendant's habitual offender status. The trial

---

[2] Although the State cited Arkansas Code Annotated section 5-4-501(a)(2)(B) (Supp. 2007), the applicable statute for an offense committed on December 26, 2009, the date that was referenced on the judgment and two amended judgments included in the record on appeal would have been Arkansas Code Annotated section 5-4-501(a)(2)(B) (Supp. 2009), which included the amendments from Act 1895, Arkansas Acts of 2009, that became effective on July 31, 2009. Act 1895 did not, however, amend the section of the statute that the State alleges to have been applicable.

court's findings that Mohammed was sentenced as a habitual offender and that the sentence imposed was not illegal are not clearly erroneous, and thus we affirm.

However, as the State concedes, the box that would indicate that Mohammed was sentenced as a habitual offender is not checked on the judgment. The State requests a remand for the trial court to correct the judgment to reflect that Mohammed was sentenced as a habitual offender.

Sentencing in Arkansas is entirely a matter of statute. *Smith v. Kelley*, 2016 Ark. 307. No sentence shall be imposed other than as prescribed by the statute in effect at the time of the commission of the crime. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Mohammed was correct that the judgment as entered appears invalid on its face, and it is the judgment entered that controls. *Stenhouse v. State*, 362 Ark. 480, 209 S.W.3d 352 (2005). A trial court, however, has jurisdiction where there is obvious clerical error to correct the error by a judgment nunc pro tunc. *Russell v. Kelley*, 2016 Ark. 224. A subsequent judgment entered nunc pro tunc to correct an erroneous judgment to speak the truth is the appropriate course for the trial court to take. *Green v. State*, 2013 Ark. 497, 430 S.W.3d 729.

Because the trial court found that Mohammed was, in fact, sentenced as a habitual offender, it should have granted that portion of the relief Mohammed sought under section 16-90-111, it should have by corrected the judgment to accurately reflect Mohammed's habitual-offender status. *See Reed v. Hobbs*, 2012 Ark. 61 (per curiam). Accordingly, we affirm the trial court's finding that Mohammed was sentenced as a habitual offender and

remand with instructions for the trial court to enter a corrected judgment and commitment order that reflects that status.

Affirmed; remanded with instructions.

*Ka'Ron Daule Mohammed*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Kent Holt*, Ass't Att'y Gen., for appellee.