SLIP OPINION

Cite as 2017 Ark. 214

# SUPREME COURT OF ARKANSAS.

**No.** CV-16-1008

| | |
|---|---|
| | **Opinion Delivered** JUNE 8, 2017 |
| TOMMY MARTEZ BARBER<br>APPELLANT | APPELLEE'S MOTION TO DISMISS APPEAL AND APPELLANT'S PRO SE MOTION FOR BELATED APPEAL [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CV-16-513] |
| V. | |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE<br><br>APPELLEE'S MOTION TO DISMISS APPEAL GRANTED; APPELLANT'S MOTION TO PROCEED WITH A BELATED APPEAL TREATED AS MOTION TO FILE A BELATED BRIEF AND MOOT. |

**KAREN R. BAKER, Associate Justice**

In 2013, appellant Tommy Martez Barber entered a plea of guilty to murder in the first degree and was sentenced to 480 months' imprisonment. In 2016, Barber, who was incarcerated in Jefferson County, filed in the Jefferson County Circuit Court a pro se petition for writ of habeas corpus, seeking release from custody. On October 5, 2016, an order was entered dismissing the petition because Barber did not state a basis for issuance of the writ.

On November 10, 2016, Barber lodged an appeal in this court from the order. He was informed by letter from the Office of the Criminal Justice Coordinator that his brief was due to be filed no later than December 20, 2016. Our clerk also mailed a copy of the

briefing schedule to Barber on November 10, 2016. Neither the letter from the coordinator nor the letter from the clerk was returned by the postal service.

Barber did not file a brief or file a motion for extension of brief time, and, on March 6, 2017, the State filed the motion that is now before us to dismiss the appeal on the grounds that the appellant had failed to submit a brief or otherwise take any action to pursue the appeal. On March 20, 2017, Barber filed a pro se motion "to file a belated appeal," which we treat as a motion to file a belated brief.

Failure of a party in an appeal to file a brief may constitute abandonment of the appeal. *See Hogue v. Hogue*, 262 Ark. 767, 561 S.W.2d 299 (1978). Arkansas Supreme Court Rule 4-5 (2016) provides that a civil appeal may be dismissed if a brief is not timely filed. Barber urges this court to permit him to proceed with the appeal despite his failure to timely file a brief because he never received notice that the appeal had been lodged and a briefing schedule set for the appeal. He contends that the mail service where he is incarcerated is unreliable and his mail could have been delivered to another inmate. He also argues that he should be permitted to proceed because the appeal is meritorious.

We grant the State's motion to dismiss the appeal. A litigant's failure to act in accordance with the prevailing rules of procedure will not be excused solely on the grounds that he was acting pro se, and the fact of incarceration does not, in and of itself, excuse a prisoner from complying with the rules. *See Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994) (noting that pro se litigants must conform to the rules of procedure). Barber's conclusory claim that his mail may have gone to another inmate does not constitute good cause to permit the appeal to go forward. If an unsubstantiated allegation of failure of the

2

mail service were held to be good cause for the failure to comport with procedural rules, time limits set out in procedural rules could be easily circumvented and would have little meaning.

While Barber's failure to state good cause for not filing a brief or filing a motion to extend the brief time would be sufficient reason to grant the State's motion to dismiss the appeal, we further note that Barber's contention that the appeal has merit is unfounded. Barber argued the following grounds for the writ in his habeas petition: his plea of guilty violated the prohibition against self-incrimination; he was not charged by grand jury as required by law; the trial court did not abide by Arkansas Rule of Criminal Procedure 24.4 (2016) when it accepted his plea; the trial court did not establish a factual basis for the plea; the trial court did not establish that the plea was voluntarily entered; he was not afforded effective assistance of counsel in the plea proceeding. None of the allegations stated a ground on which a writ of habeas corpus could properly be issued.[1]

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark.

---

[1] Barber also recited a number of provisions in the Constitution that must be followed before it can be said that the defendant has been afforded due process of law, but he failed to demonstrate how he, in particular, was prejudiced or why issuance of a writ of habeas corpus was otherwise warranted in his case.

Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Russell v. Kelley*, 2016 Ark. 224; *Fields v. Hobbs*, 2013 Ark. 416.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Smith v. Kelley*, 2016 Ark. 307, at 2. There was no error in the circuit court's decision to dismiss Barber's habeas petition because he did not establish that the trial court lacked jurisdiction in his case or that the commitment was invalid on its face.

When a defendant enters a plea of guilty, the plea is his trial. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984). A habeas corpus proceeding does not afford a prisoner an opportunity to retry his case. *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283. Accordingly, claims of trial error such as those advanced by Barber in his petition are not within the purview of the remedy because the writ will not be issued to correct errors or irregularities that occurred at trial. *See Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Habeas proceedings are also not a means to challenge the sufficiency of the evidence in a case. *See Blevins v. Norris*, 291 Ark. 70, 71, 722 S.W.2d 573, 574 (1987) (Habeas corpus petitions are restricted to the questions of whether the petitioner is in custody pursuant to a valid conviction or whether the convicting court had proper jurisdiction.). Claims of an involuntary plea or of improper plea procedures also do not raise a question of a void or

illegal sentence that may be addressed in a habeas proceeding. *See Fields*, 2016 Ark. 416. As to Barber's assertion that he was entitled to be charged by grand jury, it is well settled that states are not required to charge by indictment but may charge by information. *Hurtado v. California*, 110 U.S. 516 (1884). This court has addressed this issue many times and has consistently refused to extend the right to grand jury indictment to proceedings in this state. *Taylor v. State*, 303 Ark. 586, 593, 799 S.W.2d 519, 523 (1990).

Finally, claims of ineffective assistance of counsel, which are properly raised under Arkansas Rule of Criminal Procedure 37.1 (2016), are not cognizable in habeas proceedings. *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992). Such allegations must be raised under the Rule, and a habeas proceeding is not a substitute for filing a timely petition for postconviction relief or an opportunity to raise the issue again if it has already been considered in a Rule 37.1 proceeding. *See Philyaw*, 2015 Ark. 465, 477 S.W.3d 503.

Appellee's motion to dismiss appeal granted; appellant's motion to proceed with a belated appeal treated as motion to file a belated brief and moot.

*Tommy Martez Barber*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.