JOSEPHINE LINKER HART, Associate Justice
Appellant Rodney Dewayne Johnson appeals to this court from the denial by the Lee County Circuit Court of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-102 to -123 (Repl. 2016). Johnson, who entered pleas of guilty as a habitual offender in 1987 in the Pulaski County Circuit Court to multiple felony charges, argues four grounds for reversal of the circuit court order in his brief: (1) that the trial court erred in accepting his plea of guilty to the charge of rape because he was innocent of the offense; (2) that the trial court determined that he was a habitual offender without proof that he had been found guilty of the prior offenses used to establish his status as a habitual offender; (3) that the judgment-and-commitment order in his case is facially invalid because he was "convicted of crimes he was not convicted of," i.e. , that the judgment in his case stated that he was guilty of rape when it was not established that he had penetrated the victim, and because the judgment cited "Habitual Offender 5-4- 501," and he was not charged under that statute; and (4) that the circuit court did not address three of the grounds for relief raised in his habeas petition. Because Johnson did not state a ground for the writ in his petition, the circuit court's order is affirmed.
A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Hobbs v. Gordon , 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Smith v. Kelley , 2016 Ark. 307, 2016 WL 4919890.
Johnson's first three grounds for reversal of the circuit court order pertain to issues raised in Johnson's habeas petition that are clearly outside the scope of the writ. A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of *821 jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016); Barber v. Kelley , 2017 Ark. 214, 2017 WL 2473267. Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Russell v. Kelley , 2016 Ark. 224, 2016 WL 3131007 ; Fields v. Hobbs , 2013 Ark. 416.
When a defendant enters a plea of guilty, the plea is his trial. Barber , 2017 Ark. 214 ; Crockett v. State , 282 Ark. 582, 669 S.W.2d 896 (1984). A habeas corpus proceeding does not afford a prisoner an opportunity to retry his case. Hobbs v. Turner , 2014 Ark. 19, 431 S.W.3d 283. Accordingly, Johnson's claims of error by the trial court that accepted his plea of guilty were not within the purview of the remedy because the writ will not be issued to correct errors or irregularities that occurred in a guilty-plea proceeding. Barber , 2017 Ark. 214. Claims of an involuntary plea or of improper plea procedures do not raise a question of a void or illegal sentence that may be addressed in a habeas proceeding. Id.
Johnson's argument that his judgment referred to "Habitual Offender 5-4-501" was an apparent reference to the fact that the felony information filed in 1987 provided that Johnson was charged as a habitual offender under Arkansas Statutes Annotated section 41-1001 (Supp. 1985), but the judgment entered provided that he was sentenced as a habitual offender under Arkansas Code Annotated section 5-4-501 (1987). The habitual offender law, under the respective codification was not merely "identical" as the State suggests in its brief, but rather it was exactly the same law that was passed by the legislature. It is the act passed by the legislature, not the code, that is the law. This is a fundamental legal principle. See Ortho-McNeil-Janssen Pharmaceuticals, Inc. v. State , 2014 Ark. 124, 432 S.W.3d 563.
The provisions of both the applicable Arkansas Statutes and Arkansas Code reflected that the felony information filed in 1987 and the judgment entered in 1988 provided that Johnson had been found guilty of more than one prior felony but less than four prior felonies, and Johnson affirmed when he pleaded guilty that he understood that he was being charged as a habitual offender, having committed more than one prior felony but less than four prior felonies, and that he understood the range of sentencing for the offenses. Johnson is not entitled to a writ because the change from Arkansas Statutes Annotated to Arkansas Code Annotated, which resulted in the assignment of different codification numbers did not change the law. The law, of course, is not the codification, but the statute passed by the legislature. The different code numbers did not mean that a different statute was involved. The statute remained the same.
As to Johnson's assertions that he was not guilty of the offense of rape, habeas proceedings are not a means to challenge the sufficiency of the evidence to sustain a judgment. See Blevins v. Norris , 291 Ark. 70, 722 S.W.2d 573 (1987) (Habeas corpus petitions are restricted to questions of whether the petitioner is in custody pursuant to a valid conviction or whether the convicting court had proper jurisdiction.). Likewise, while claims that raise a jurisdictional issue, such as those that raise a claim of an illegal sentence, are cognizable in a habeas proceeding, Johnson's claim that the felony information did not contain proof of the prior felonies used to establish his habitual-offender *822 status could have been raised in the trial court and settled there.[1] As a result, challenges to Johnson's status as a habitual offender were not cognizable in his habeas action.
With respect to Johnson's fourth point for reversal that the circuit court failed to rule on the first three grounds raised in the habeas petition, Johnson could have filed a motion for reconsideration of any issues omitted in the order so that he could obtain a specific ruling on the issues. Denial of relief is not unfair when a petitioner had the opportunity to pursue a remedy available to him, but he chose not to do so. See Engram v. State, 360 Ark. 140, 200 S.W.3d 367 (2004). Johnson did not ask that an omitted issue be considered, and this court will not address those grounds now. Moreover, the circuit court's order denied relief on the basis that the issues raised by Johnson, which are reiterated in Johnson's brief on appeal, were not within the purview of the writ. Because the issues raised failed to implicate the jurisdiction of the trial court or the facial validity of the judgment-and-commitment order, the circuit court did not err by not listing each of Johnson's claims individually in the order denying relief.
Finally, Johnson argues that the allegations raised in the habeas petition warranted a hearing. There is no requirement that a hearing be held on every habeas petition regardless of the content of the petition. Gonder v. Kelley , 2017 Ark. 239, 2017 WL 3300538 ; George v. State , 285 Ark. 84, 685 S.W.2d 141 (1985). A hearing is not required if the petition does not allege either of the bases of relief proper in a habeas proceeding, and even if a cognizable claim is made, the writ does not have to be issued unless probable cause is shown. Noble v. Norris , 368 Ark. 69, 243 S.W.3d 260 (2006). Because Johnson did not establish a ground for issuance of the writ in his petition, the circuit court was not obligated to conduct a hearing on it.
Affirmed.

Johnson also argues on appeal that the sentence imposed and the commitment order are facially invalid because the signature that appears on the order represented as his is not in fact his signature. Johnson's conclusory assertion, made for the first time on appeal, does not show that the judgment-and-commitment order was facially invalid. Accordingly, as the issue was not raised in Johnson's petition for writ of habeas corpus and does not state a ground for the writ, we will not consider it in this appeal. See Anderson v. State , 2011 Ark. 461, 385 S.W.3d 214.