Cite as 2020 Ark. App. 554

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR–19–758

| | |
|---|---|
| MICHELLE LAWRENCE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **OPINION DELIVERED:** DECEMBER 9, 2020<br><br>APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27CR-16-143]<br><br>HONORABLE CHRIS E WILLIAMS, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS |

## ROBERT J. GLADWIN, Judge

This is the second time this no-merit brief is before us. Michelle Lawrence was convicted on charges of simultaneous possession of firearms and narcotics, possession of a controlled substance, possession of drug paraphernalia, and possession of firearm by certain person for which she was sentenced as a habitual offender to a total of ninety-five years in the Arkansas Department of Correction. Lawrence filed a timely notice of appeal, and her counsel filed a motion to withdraw and a no-merit brief pursuant to Rule 4–3(k)(1) (2019) of the Rules of the Arkansas Supreme Court and Court of Appeals and *Anders v. California*, 386 U.S. 738 (1967), asserting that there is no issue of arguable merit for an appeal.

The clerk of this court furnished Lawrence with a copy of her counsel's motion and brief and notified her of her right to file pro se points for reversal. Lawrence filed pro se points for reversal, and the State filed a brief asserting that her arguments are either barred or without merit. On June 3, 2020, this court issued an opinion ordering Lawrence's counsel

to cure deficiencies in his brief. *Lawrence v. State*, 2020 Ark. App. 329, at 3. After her counsel submitted a substituted no-merit brief, Lawrence timely filed a second set of pro se points to which the State responded in accordance with Rule 4-3(k)(3).

On April 18, 2017, the State charged Lawrence with simultaneous possession of firearms and narcotics in violation of Arkansas Code Annotated section 5-74-106 (Repl. 2016), a Class Y felony; possession of a controlled substance (Schedule II methamphetamine less than 2 grams) in violation of Arkansas Code Annotated section 5-64-419(b)(1)(A) (Repl. 2016), a Class D felony; possession of drug paraphernalia in violation of Arkansas Code Annotated section 5-64-443(a)(1) (Supp. 2019), a Class D Felony; and possession of firearm by certain person in violation of Arkansas Code Annotated section 5-73-103(c)(2) (Repl. 2016), a Class D Felony. On August 16, 2017, an amended information was filed adding that Lawrence is a habitual offender (having been previously convicted of four or more felonies), pursuant to an enhanced sentencing statute, Arkansas Code Annotated section 5-4-501(b) (Repl. 2013). At trial on March 4, 2019, Lawrence was convicted on all counts. The circuit court sentenced Lawrence to a total of ninety-five years in the ADC pursuant to the amended sentencing order filed on March 18. Lawrence filed a timely notice of appeal on April 1, and this no-merit appeal followed.

Although not raised in the briefs, our review of the record indicates that despite Lawrence being charged, convicted, and sentenced as a habitual offender, the habitual-offender boxes are not checked on either the March 7, 2019 sentencing order or the March 18, 2019 amended sentencing order with respect to offenses 2, 3, and 4. Offense numbers 2 (possession of a Schedule II controlled substance, to wit; <2 g methamphetamine in violation of Arkansas Code Annotated section 5-64-419(b)(1)(A); 3 (possession of drug

paraphernalia with the purpose to use the drug paraphernalia to inject, ingest, inhale or otherwise introduce into the human body a controlled substance in violation of Arkansas Code Annotated section 5-64-443(a)(2); and 4 (possessing or owning a firearm after having been convicted of a felony in violation of Arkansas Code Annotated section 5-73-103) are all Class D felonies with a statutory maximum sentences not to exceed six years pursuant to Arkansas Code Annotated section 5-4-401(a)(5) (Repl. 2013). Although the fifteen-year sentences imposed on each of those charges exceeds that statutory maximum, causing the judgment as entered to appear invalid on its face, our review of the record indicates that Lawrence was sentenced as a habitual offender.

As support for the finding that Lawrence was sentenced as a habitual offender, the trial transcript indicates that at the very beginning of trial, the court addressed this issue with Lawrence, stating, "And you are subject to enhanced sentencing as a habitual offender. The State is alleging you have four or more prior felonies, which makes you a super habitual under the code." The circuit court also stated during the preliminary phase of trial that "[f]or all intents and purposes then in order to protect the defendant from maybe bringing in information of her prior felony record prior to the finish of the matter of guilt or innocence in this matter the State will be able to introduce anything subject to the seizure." Lawrence then stipulated to having a felony conviction—so that her certified conviction record need not be entered during the guilt phase of the trial—but without indicating how many or the nature of the previous convictions. During sentencing, evidence of Lawrence's four prior felony convictions was introduced without objection, and the jury was instructed that

> Lawrence has previously been convicted of four prior felonies as classified as a habitual offender under Arkansas law. The offense of possession of drug paraphernalia when committed by a habitual offender is punishable by imprisonment

3

in the Arkansas Department of Correction for a term of up to 15 years and a fine up to $10,00 or both a term of imprisonment and a fine.

The jury was instructed regarding the appropriate sentencing grid, and the issue was discussed during closing arguments for the State and Lawrence's counsel and referenced by the circuit court with respect to the issue of an appellate bond.

In *Mohammed v. State*, 2017 Ark. 101, at 4, 513 S.W.3d 847, 850, our supreme court reiterated that when there is obvious clerical error, a circuit court has jurisdiction to correct the error by a judgment nunc pro tunc. *Id.* A subsequent judgment entered nunc pro tunc to correct an erroneous judgment to make the judgment speak the truth is the appropriate course for the circuit court to take. *Id.* Accordingly, we affirm the circuit court's finding that Lawrence was sentenced as a habitual offender and remand with instructions for the circuit court to enter a corrected sentencing order that reflects that status.

In compliance with *Anders* and Rule 4–3(k), Lawrence's counsel ordered the entire record and found that after a conscientious review of the record, there are no issues of arguable merit for appeal. Counsel's brief adequately covered all the adverse rulings as well as the convictions themselves. Having carefully examined the record and the brief presented to us, we hold that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in criminal cases and conclude that the appeal is wholly without merit.

We now turn to the issues raised by Lawrence in her response to the no-merit brief. Lawrence filed a revised set of pro se points in accordance with Ark. Sup. Ct. R. 4–3(k)(2)

(2019), to which the State responded. Several of her arguments are barred, and none of them raise a basis for reversal of her convictions or sentence.[1]

Lawrence generally alleges ineffective assistance of counsel, claiming that her attorney "failed to gather my witnesses and information [she] had given him." Our review of the record before us indicates that it is devoid of any claim of ineffective assistance of counsel. Because none of Lawrence's ineffective-assistance-of-counsel claims were presented below, they are not preserved on appeal. *Haney v. State*, 2020 Ark. App. 341, at 8, 602 S.W.3d 154, 159. In order for a defendant to argue ineffective assistance of counsel on direct appeal, he or she must first have presented the claim to the circuit court either during the trial or in a motion for new trial. *Id.*

Furthermore, the remainder of Lawrence's pro se points provide no basis for reversal. Lawrence argues that the circuit court erred by sustaining the State's relevancy objection when she wanted Sheridan police officer Keathley to attempt to open the safe with his fingerprint in open court. Lawrence stated that her position was that anyone could open the safe with a fingerprint, which made this question relevant. The testimony before the circuit court was that a key was taken from Lawrence and used to open the safe, and Lawrence made no attempt to have Officer Keathley open the safe as a proffer of the evidence. Further, Lawrence fails to argue or show prejudice by the circuit court's refusal to allow this demonstration. We review evidentiary rulings under an abuse-of-discretion standard and will not reverse absent an abuse of that discretion and a showing of prejudice, *see, e.g., Davis*

---

[1] One of Lawrence's pro se points relates to the denial of her motions for directed verdict on each charge; that argument was reviewed in conjunction with counsel's analysis of the sufficiency of the evidence and determined not to be arguable merit for appeal.

*v. State*, 2018 Ark. App. 383, at 4, 555 S.W.3d 892, 894; however, evidence that is not relevant is not admissible. Ark. R. Evid. 402 (2019). Because the safe was opened with the key obtained from Lawrence, whether it could be opened by someone else's fingerprint was irrelevant and, thus, not admissible.

Lawrence makes multiple other evidentiary arguments; however, none of these arguments are preserved for appeal because either no objections or requests were made at trial, the issues were stipulated to by the parties at trial, or Lawrence makes them for the first time on appeal. *E.g.*, *Anderson v. State*, 2015 Ark. 18, at 2, 454 S.W.3d 212, 215.

The test for filing a no-merit brief is not whether there is reversible error but whether an appeal would be wholly frivolous. *Jester v. State*, 2018 Ark. App. 558; *Anders, supra.* Lawrence's counsel has carefully reviewed the record for any meritorious appeal issues and finds none. Counsel has discussed possible appeal issues above and explained why none have merit pursuant to the requirements of Rule 4–3(k). From our review of the record and the briefs presented to us, we hold that counsel complied with Rule 4–3(k), determine that the appeal is without merit, and conclude that there likewise is no merit to Lawrence's pro se points. Accordingly, we grant counsel's motion to be relieved, affirm Lawrence's convictions, and remand with instructions to correct the sentencing order consistent with this opinion.

Affirmed; motion to withdraw granted; remanded with instructions.

HARRISON and BROWN, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.